# Exhibit A

# Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

**Run Date and Time: 7/9/2025 - 14:24:39**

---

**GD-25-007387**

System One Holdings LLC vs Garcia etal

| | |
|---|---|
| **Filing Date:** | **Case Type:** |
| **7/7/2025** | **Contract - Other** |
| | |
| **Related Cases:** | **Court Type:** |
| | **General Docket** |
| | |
| **Consolidated Cases:** | |
| | **Current Status:** |
| | **Complaint** |
| **Judge:** | |
| **No Judge** | |
| | **Jury Requested:** |
| | **Y** |
| **Amount In Dispute:** | |
| **$ 0** | |

---

**--Parties--**

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| System One Holdings LLC | | | Plaintiff | 210 Sixth Avenue Suite 3100 Pittsburgh PA 15222 | -- | J. Alexander Hershey |
| Marshall | Bonnie | | Defendant | 210 Sixth Avenue Suite 3100 Pittsburgh PA 15222 | -- | -- |
| Garcia | Melissa | | Defendant | 210 Sixth Avenue Suite 3100 Pittsburgh PA 15222 | -- | -- |
| Younk | Wendy | | Defendant | 210 Sixth Avenue Suite 3100 Pittsburgh PA 15222 | -- | -- |
| Pearce Services LLC | | | Defendant | 1222 Vine Street Suite 301 Paso Robles CA 93446 | -- | -- |

**--Attorney--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Hershey | J. | Alexander | Plaintiff's Attorney | One Oxford Centre 14th floor 301 Grant Street Pittsburgh PA 15219-1425 | 4123947711 |

**--Non Litigants--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| No Litigants Found | | | | | |

**--Docket Entries--**

| Filing Date | Docket Type | Docket Text | Filing Party |
|---|---|---|---|
| 7/7/2025 | Complaint | | System One Holdings LLC |

| --Judgments Against-- | | |
|---|---|---|
| Name | Amount | Satisfied(Y,N) |
| No Judgments Found | | |

| --Events Schedule-- | | | |
|---|---|---|---|
| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
| No Information Found | | | |

# SHERIFF'S OFFICE OF DAUPHIN COUNTY



**Nicholas Chimienti, Jr.**
*Sheriff*

**David E. Olweiler**
*Chief Deputy*

**David B. Dowling**
*Solicitor*

**Vacant**
*Assistant Chief/Real Estate Deputy*

---

SYSTEM ONE HOLDINGS LLC
vs.
PEARCE SERVICES LLC

**Case Number**
2025-T-1970

---

## SERVICE COVER SHEET

request                     service                     ledger

### Service Details:                                    Origin: Allegheny County

| | | | |
|---|---|---|---|
| **Category:** | Civil Action - Complaint in Civil Action (CICA) | **Zone:** | |
| **Manner:** | Adult in Charge | **Expires:** 08/07/2025 | **Warrant:** |
| **Notes:** | AMBER PANDE | | |

### Serve To:

### Final Service:

| | |
|---|---|
| **Name:** | PEARCE SERVICES LLC |
| **Primary Address:** | C/O CSC, 5235 NORTH FRONT STREET HARRSBURG, PA 17110 |
| **Phone:** | **DOB:** |
| **Alternate Address:** | |
| **Phone:** | |

**Served:** Personally · Adult In Charge · Posted · Other

**Adult In Charge:**

**Relation:**

**Date:**     **Time:**

**Deputy:**     **Mileage:**

### Attorney / Originator:

| | | | |
|---|---|---|---|
| **Name:** | CLARK HILL PLC | **Phone:** | 412-394-7711 |

### Service Attempts:

| | | | | | | |
|---|---|---|---|---|---|---|
| **Date:** | | | | | | |
| **Time:** | | | | | | |
| **Mileage:** | | | | | | |
| **Deputy:** | | | | | | |

### Service Attempt Notes:

1. 
2. 
3. 
4. 
5. 
6.

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on 07/08/2025

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

08/07/2025

Michael McGeever, Director

Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Plaintiff(s)

**System One Holdings LLC,**

Case Number:

**GD-25-007387**

Type of pleading:

**Complaint**

Filed on behalf of:

**System One Holdings LLC**

**Hershey Alexander J.**

(Name of filing party)

VS

Defendant(s)

**Marshall, Bonnie**

**Garcia, Melissa**

**Younk, Wendy**

**Pearce Services LLC,**

[X]    Counsel of Record

[ ]    Individual, If Pro Se

Name, Address and Telephone Number:

**Hershey Alexander J.**

**One Oxford Centre 14th floor**

**301 Grant Street**

**Pittsburgh, PA, 15219-1425**

**412 3947711**

Attorney's State ID: **84741**





**Michael McGeever, Director**

**Department of Court Records**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| SYSTEM ONE HOLDINGS, LLC, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | Case No. ___GD-25-007387___ |
| | ) | |
| v. | ) | **COMPLAINT IN CIVIL ACTION** |
| | ) | |
| PEARCE SERVICES, LLC, | ) | Filed on behalf of Plaintiff, |
| BONNIE MARSHALL, | ) | System One Holdings, LLC |
| MELISSA GARCIA, and | ) | |
| WENDY YOUNK, | ) | Counsel of Record for this Party: |
| | ) | |
| Defendants. | ) | J. Alexander Hershey, Esq. |
| | ) | PA ID No. 84741 |
| | ) | |
| | ) | Shelby L Garland, Esq. |
| | ) | PA ID No. 334693 |
| | ) | |
| | ) | |
| | ) | CLARK HILL PLC |
| | ) | 301 Grant Street, 14th Floor |
| | ) | Pittsburgh, PA 15219 |
| | ) | Telephone: (412) 394-7711 |
| | ) | Facsimile: (412) 394-2555 |
| | ) | ahershey@clarkhill.com |
| | ) | sgarland@clarkhill.com |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SYSTEM ONE HOLDINGS, LLC,      )     CIVIL DIVISION

           Plaintiff,          )     Case No. _____ GD-25-007387 _____

    v.                                )

PEARCE SERVICES, LLC, BONNIE MARSHALL, MELISSA GARCIA, and WENDY YOUNK,

           Defendants.

### NOTICE TO DEFEND

**To:**    **PEARCE SERVICES, LLC, BONNIE MARSHALL, MELISSA GARCIA, and WENDY YOUNK**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
THE ALLEGHENY COUNTY BAR ASSOCIATION
920 CITY-COUNTY BUILDING
PITTSBURGH, PA 15219
TELEPHONE: (412) 261-2088

282757892.v1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SYSTEM ONE HOLDINGS, LLC, ) CIVIL DIVISION
)
        Plaintiff, ) Case No. _GD-25-007387_____
)
    v. )
)
PEARCE SERVICES, LLC, )
BONNIE MARSHALL, )
MELISSA GARCIA, and )
WENDY YOUNK, )
)
        Defendants. )
)

## COMPLAINT IN CIVIL ACTION

Plaintiff System One Holdings, LLC ("System One"), by its undersigned counsel, Clark Hill PLC, hereby files this Complaint in Civil Action against Defendants Pearce Services, LLC ("Pearce"), Bonnie Marshall, Melissa Garcia, and Wendy Younk, and, in support thereof, System One avers as follows:

### NATURE OF THE ACTION

1.     This is an action by System One against Pearce based on Pearce's interference with the non-solicitation agreements (the "Non-Solicitation Agreements") between System One and System One's former employees, Defendants Bonnie Marshall, Melissa Garcia, and Wendy Younk (the "Individual Defendants").

2.     System One asserts claims in this action for breach of the Non-Solicitation Agreements by Bonnie Marshall, Melissa Garcia, and Wendy Younk, for tortious interference with those Agreements by Pearce, and for unfair competition.

3.     The relief that System One is seeking in this action includes: an injunction restraining Defendants from their continued violation of System One's rights under the Non-

282757892.v1

Solicitation Agreements; a monetary award for the harm that the Defendants Pearce, Marshall, and Garcia have caused to System One as a result of their unlawful conduct; and awards of any and all available actual, consequential, compensatory, punitive, exemplary, or other damages and attorney's fees against Defendants Pearce, Marshall, and Garcia.

## THE PARTIES

1.     Plaintiff System One is a limited liability company that is organized and existing under the laws of the State of Delaware, that is registered to do business in the Commonwealth of Pennsylvania, and that has its principal place of business at 210 Sixth Avenue, Suite 3100, Pittsburgh, Pennsylvania 15222.

2.     Defendant Pearce is a limited liability company that is organized and existing under the laws of the State of Delaware, that is registered to do business in the Commonwealth of Pennsylvania, and that has its principal place of business at 1222 Vine Street, Suite 301, Paso Robles, California 93446.

3.     Defendant Bonnie Marshall ("Marshall") is an adult individual and resident of the State of Missouri who was employed and compensated by System One from its principal place of business at 210 Sixth Avenue, Suite 3100, Pittsburgh, Pennsylvania 15222.

4.     Defendant Melissa Garcia ("Garcia") is an adult individual and resident of the State of Idaho who was employed and compensated by System One from its principal place of business at 210 Sixth Avenue, Suite 3100, Pittsburgh, Pennsylvania 15222. At the time of her employment with System One, Defendant Garcia went by her maiden name of Melissa Mendez.

5.     Defendant Wendy Younk ("Younk") is an adult individual and resident of the State of Maine who was employed and compensated by System One from its principal place of business at 210 Sixth Avenue, Suite 3100, Pittsburgh, Pennsylvania 15222.

2

## JURISDICTION AND VENUE

6.    The Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division (the "Court"), has original exclusive jurisdiction over this matter because it is a civil action arising under the laws of the Commonwealth of Pennsylvania (the "Commonwealth") not vested in the jurisdiction of another court. *See* 42 Pa.C.S. § 931(a) - (b).

7.    The Court has general personal jurisdiction over Defendant Pearce because of its registration to do business in the Commonwealth of Pennsylvania.

8.    The Court has specific personal jurisdiction over individual Defendants Marshall and Garcia by consent, pursuant to the Forum Selection clauses of the Non-Solicitation Agreements that they entered with System One. *See* 42 Pa.C.S. § 5301(a)(1)(iii); Exhibits A and B hereto, Non-Solicitation Agreements § 5.10 ("[A]ny civil action to enforce this Agreement, or for a declaration of rights under this Agreement, shall be brought in and only in the Court of Common Pleas of Allegheny County, Pennsylvania, or, if the United States District Courts would otherwise have jurisdiction, in the United States District Court for the Western District of Pennsylvania. Employee hereby waives any objection that Employee may now or hereafter have to jurisdiction or venue in those courts, and agrees to submit to the jurisdiction of those courts.").

9.    The Court has specific personal jurisdiction over individual Defendant Younk by consent, pursuant to the Forum Selection clause of the Non-Solicitation Agreement she entered with System One. *See* 42 Pa.C.S. § 5301(a)(1)(iii); Exhibit C hereto, Non-Solicitation Agreement § 510 ("[A]ny civil action for temporary or preliminary injunctive relief to enforce this Agreement, or for a declaration of rights under this Agreement, shall be brought in and only in the Court of Common Pleas of Allegheny County, Pennsylvania, or, if the United States District Courts would otherwise have jurisdiction, in the United States District Court for the Western District of

3

Pennsylvania. Employee hereby waives any objection that Employee may now or hereafter have to jurisdiction or venue in those courts, and agrees to submit to the jurisdiction of those courts.").

10.     Venue is proper in this Court because System One's claims against Defendants arise out of and relate to the Non-Solicitation Agreements with and System One's employment of the Individual Defendants. *See* Pa.R.Civ.P. 1006(a)(2); Pa.R.Civ.P. 2179(a)(3).

## FACTUAL BACKGROUND

### System One Is a Leader in the Highly Competitive Telecommunications Industry

11.     System One is a leading provider of specialized, highly technical staffing services and solutions to critical infrastructure, technology, life sciences, and government sectors.

12.     Mountain Ltd. Engineering ("Mountain"), a division of System One, is a telecommunications engineering firm that provides engineering services, project management, and workforce solutions, specializing in traditional and wireless telecommunications solutions, across the United States.

13.     Defendant Marshall worked in a project management role during her employment with Mountain. In this role, Marshall handled various tasks including facilitating project meetings, scheduling, assisting with recruitment and staffing, and communicating with customers. Defendant Younk worked in a market manager support role during her employment with Mountain. In this role, Younk handled various tasks including account management, business development, assisting with recruitment and staffing, and communicating regularly with customers and clients. Defendant Garcia worked as Mountain's Regional Vice President of Engineering. In this role, Garcia's primary responsibilities included overseeing the planning, execution, growth and completion of engineering projects throughout the Northwest region,

4

14. System One's customers include, but are not limited to, telecommunications companies, engineering companies, construction companies, technology and equipment manufacturers, government agencies, communication tower companies, and utility companies.

15. In exchange for executing Non-Solicitation Agreements, System One promises to provide and does provide its employees with access to its customer relationships, related goodwill, and industry training, in which System One has invested significant time, effort, and money.

16. In fact, System One provided such training to the Individual Defendants along with access to System One's valuable customer relationships and related goodwill with System One's Customers, including with those Customers and prospective Customers with whom the Individual Defendants had direct contact and interaction during their employment with System One.

17. As the "largest national independent provider of outsourced repair, maintenance, and engineering services for critical infrastructure in the telecommunications industry," among other industries, Defendant Pearce is a direct competitor of System One.

**System One's Employment of Marshall, Garcia, and Younk**

18. On February 23, 2016 and April 12, 2019, respectively, System One hired Defendant Garcia as Regional Vice President of Engineering and hired Defendant Marshall as Project Manager. On September 16, 2021, System One hired Defendant Younk as Market Manager Support. Prior to the end of her employment with System One, Defendant Younk also held positions as Market Manager and as Senior Account Support.

19. As a condition of employment, System One requires its employees to enter into and comply with Confidentiality, Non-Solicitation, and Work Product Assignment Agreements ("Non-Solicitation Agreements"). Copies of System One's Non-Solicitation Agreements with

5

282757892.v1

Defendants Bonnie Marshall, Melissa Garcia, and Wendy Younk are attached to this Complaint as Exhibits A, B, and C, respectively.

20.    System One requires its employees to enter into such Non-Solicitation Agreements containing non-solicitation provisions in order to protect the confidentiality and fair use of System One's confidential business information to which its employees become privy by virtue of their employment with System One, in order to protect System One's customer relationships, and in order to protect the investment that System One has made in identifying, recruiting, screening, and hiring employees whom System One has placed with specific customers.

21.    By signing the Non-Solicitation Agreements, and except as authorized by System One, Defendants Marshall and Garcia were precluded, for a period of one year following the date their employment with System One terminated, (a) from soliciting or performing services for any System One client for whom they provided services at any time during the last twelve (12) months of their employment with System One, (b) from soliciting or performing services for any prospective System One client with whom they had contact during the last six months of their employment with System One, and (c) from attempting to hire or solicit any employee of System One or encouraging any employee to leave the employee's employment with System One. Pursuant to the Non-Solicitation Agreements, this one year period is extended for the period of time that Marshall or Garcia is in breach of their obligations under the Non-Solicitation Agreements.

22.    Similarly, Defendant Younk was precluded, for a period of one year from the date her employment with System One terminated, (a) from soliciting or performing services for any client with whom she had contact or for whom she provided services at any time during the last twelve (12) months of her employment with System One, (b) from soliciting or performing

6

services for any prospective System One client with whom she had contact during the last six months of her employment with System One, and (c) from attempting to hire or solicit any employee of System One or encouraging any employee to leave the employee's employment with System One. Pursuant to the Non-Solicitation Agreements, this one year period is extended for the period of time that Younk is in breach of her obligations under the Non-Solicitation Agreements.

**Application of Pennsylvania Law to the Non-Solicitation Agreements with System One**

23.     The Non-Solicitation Agreements have governing law provisions requiring the application of Pennsylvania law to the interpretation and enforcement of the Agreement.

24.     The Non-Solicitation Agreements also have forum selection provisions, which permit actions to enforce the Agreements to be brought "in and only in the Court of Common Pleas of Allegheny County, Pennsylvania" or in the Western District of Pennsylvania, if applicable.

25.     These "Governing Law" and "Forum Selection" clauses are part of System One's need to protect its legitimate business interests with a uniform, national standard.

26.     System One also included these clauses because the Commonwealth of Pennsylvania has a substantial and overriding interest in System One's contractual relationships with its employees, including Defendants Marshall, Garcia, and Younk.

   a.  System One's principal place of business is located in Allegheny County, Pennsylvania;

   b.  System One drafted the Non-Solicitation Agreements in Pennsylvania;

   c.  System One countersigned the Non-Solicitation Agreements in Pennsylvania;

7

d. System One drafted the Individual Defendants' initial offers of employment ("Offer Letter") in Pennsylvania, and the Individual Defendants were required to return their acceptance to Pennsylvania;

e. At the time they accepted employment with System One, the Individual Defendants were made aware that System One's principal place of business and senior management personnel are located in Pennsylvania;

f. The Individual Defendants received benefits information, employee policy information, employee handbooks, and similar employment-related information from System One's Pennsylvania offices.

g. The Individual Defendants' salaries and benefits were calculated and administered from Pennsylvania; and

h. The Individual Defendants received customer service support from Pennsylvania and maintained contact via telephone, email, or other forms of communication with System One's customer support personnel.

### The Post-Separation Breaches of the Non-Solicitation Agreements by Marshall, Garcia, and Younk

27. On July 1, 2024, the employment of Defendant Marshall with System One was terminated, and on August 1, 2024, the employment of Defendants Garcia and Younk was terminated.

28. Subsequently, System One became aware that Defendants Marshall, Garcia, and Younk had accepted employment with Defendant Pearce, against whom System One directly competes in the telecom engineering services marketplace.

8

282757892.v1

29.     Further, it became clear that, on behalf of Defendant Pearce, Defendants Marshall, Garcia, and Younk were actively soliciting the business of longstanding System One customers. Defendant Marshall went so far as to appear on conferences and phone calls with customers in which System One representatives also participated.

30.     The Individual Defendants' actions in breach of the Non-Solicitation Agreement have included, without limitation, the following.

a.     In or around August 2024, Defendant Marshall contacted a representative of Brightspeed, a current client of Mountain's, who was employed as a Client Manager in Ohio, and attempted to convince him to send Brightspeed work for the area to Pearce.

b.     In or around October 2024, Defendant Marshall and Pearce met with a company Marshall knew to be a client of Mountain to obtain work for Pearce.

c.     In or around November 2024, Pearce began performing work, a Multi-Dwelling Unit ("MDU") site survey job, for the client. This was work that Mountain had been actively performing for the client. Defendants Marshall and Younk had supported the MDU site survey work that Mountain had performed for the client during their employment with Mountain. Until Marshall left her employment with Mountain, Pearce had never performed this MDU site survey work for the client.

d.     In or around December 2024, Marshall participated on a weekly call with the client, Mountain, and Pearce. During this call, Marshall represented Pearce as Pearce's project manager. During her employment with Mountain, Marshall had been Mountain's project manager for the same work with the client, and represented Mountain

9

during the same weekly call with the client, before Pearce began performing work for the client.

e.    In or around January 2025, Mountain discovered that other work it had previously performed for the client had been transferred away from Mountain. During her employment with Mountain, Marshall had managed this work. Mountain has since confirmed that this work went to Pearce.

f.    In or around February 2025, Marshall made multiple calls to active Mountain employees, with whom she had worked during her employment with Mountain. On each of the calls to at least two separate Mountain employees, Marshall asked the employees if they were interested in leaving Mountain to join Pearce.

g.    On or about February 19, 2025, Mountain received information that Marshall was working directly with a Mountain client on projects based in Pennsylvania and New Jersey. Marshall previously worked with the client on Mountain projects in the same states.

h.    On or about February 27, 2025, a Mountain client requested that Pearce handle the fielding portion of a project and that Mountain handle the National Design Specification ("NDS") portion of a project. Pearce completed the fielding work and began NDS design before providing the field notes to the client. Because Pearce had already started the NDS design work, the client allowed Pearce to handle the design portion of the project as well, resulting in lost business for Mountain. Defendants Garcia and Younk were both included on the emails regarding this project. The NDS design work lost to Pearce was work that Mountain typically handled for the client.

10

i.      On or about March 11, 2025, one of Mountain's longstanding client contacts informed Mountain's representatives that Defendant Garcia had met the client for coffee. Mountain had been performing work for this client for years, including prior to and during Defendant Garcia's employment with Mountain.

j.      On or about March 13, 2025, Pearce hired another employee directly from Mountain.

31.    Defendants' solicitations, such as those referenced above, appear to have been directly targeted at System One clients for whom Defendants Marshall, Garcia, and Younk had directly provided services during the last year of their employment with System One or at prospective System One customers with whom Defendants Marshall, Garcia, and Younk had contact in the six-month period prior to their terminations.

32.    Thus, Defendants Marshall, Garcia, and Younk were acting directly contrary to and in breach of their contractual obligations to System One in the course of their employment with Pearce and in furtherance of Pearce's business interests, to System One's injury and detriment.

33.    To immediately address the possible occurrence of this unlawful conduct, System One wrote on August 29, 2024 to remind Defendants Marshall and Garcia of their continuing contractual obligations under the Non-Solicitation Agreements.

34.    When System One confirmed that Defendants Marshall and Garcia had violated the Non-Solicitation Agreements, System One then wrote directly to Pearce on October 9, 2024 to expressly advise Pearce of the terms of the Non-Solicitation Agreements, the obligations of System One's former employees thereunder, and the violations of which System One had knowledge at that time.

11

282757892.v1

35.     With the October 9, 2024 correspondence, System One provided Pearce with copies of the Non-Solicitation Agreements signed by Defendants Marshall and Garcia, and also made Pearce aware at that time that all System One employees signed similar Non-Solicitation Agreements.

36.     On October 14, 2024, Pearce's Senior Vice President, Human Resources, responded to System One's communication, assuring System One, that "[Pearce] received your letter and will take the necessary steps to ensure that the employees (Ms. Garcia and Ms. Marshall) comply with their obligations under their Non-Solicitation Agreements."

37.     In spite of these assurances, by correspondence dated January 24, 2025 and otherwise, Pearce resisted System One's assertion of its rights under the Non-Solicitation Agreements, and the Defendants have brazenly continued in a pattern and practice of soliciting the business of System One customers for whom the Individual Defendants had performed work while at System One.

38.     Moreover, the Defendants have engaged in a further pattern and practice of soliciting other employees of System One to leave their positions and to go to work for Pearce, in further violation of the expressly statement provisions of the Non-Solicitation Agreements.

39.     Thus, notwithstanding the terms of the Non-Solicitation Agreements and the express notice that System One provided in recent months, the Defendants have continued to engage in explicit acts of breach of contract, tortious interference with contract, and unfair competition.

12

## COUNT I

### Breach of System One's Non-Solicitation Agreements

40.     System One hereby incorporates by reference the allegations of all prior and subsequent paragraphs of this Complaint.

41.     The Non-Solicitation Agreements between System One and Defendants Marshall, Garcia, and Younk (including all of the terms therein) represent valid and binding contractual obligation between the parties entered into for valuable consideration.

42.     The Individual Defendants' actions, however, are and have been in direct violation and breach of the Non-Solicitation Agreements.

43.     The Individual Defendants agreed that they would not, in the year following the termination of their employment with System One, solicit any System One customer with whom they had worked in the year prior to their termination.  In the event of a breach of the Non-Solicitation Agreement, this one-year period is extended by the period of time that such individual is in breach.

44.     The Individual Defendants agreed that they would not, in the year following the termination of their employment with System One, solicit any potential customers with whom that had contact in the six months prior to their terminations.

45.     The Individual Defendants agreed that they would not, in the year following the termination of their employment with System One, directly or indirectly, hire, attempt to hire or solicit for employment any employee of System One or encourage any employee of System One to leave the employee's employment with System One.

46.     System One has performed all of its obligations pursuant to the Non-Solicitation Agreements, but Individual Defendants Marhsall, Garcia, and Younk have each violated their contractual obligations to System One, including those set forth above.

13

47.    The Individual Defendants' actual and/or anticipated breaches of the Non-Solicitation Agreements have caused and are causing System One damages in the form of loss of, *inter alia*, its business, customers, and employees.

48.    As a result of the Individual Defendants' past and threatened breaches of the Non-Solicitation Agreements, System One has been and will continue to be irreparably harmed and does not have an adequate remedy at law.

49.    The Individual Defendants have acknowledged, in the Non-Solicitation Agreements, that System One will suffer irreparable harm resulting from any violation of the obligations of their respective Non-Solicitation Agreements.

50.    As a result of the breach of System One's Non-Solicitation Agreements by Defendants Marhsall, Garcia, and Younk, System One has been and will continue to be damaged, will continue to be immediately and irreparably harmed, and does not have a complete and adequate remedy at law.

WHEREFORE, Plaintiff System One Holdings, LLC, requests entry of judgment in its favor and that the Court: award special, preliminary and/or permanent injunctive relief and enjoin the Individual Defendants against any continued breach of the Non-Solicitation Agreements; award all available actual, consequential, compensatory, punitive, exemplary, or other damages, in an amount in excess of $50,000.00; award System One its attorneys' fees and costs of suit to the extent available; and award such other and further relief as the Court may deem just and proper.

## COUNT II
### Tortious Interference With System One's Non-Solicitation Agreements

51.    System One hereby incorporates by reference the allegations of all prior and subsequent paragraphs of this Complaint.

14

52.    The Non-Solicitation Agreements between System One and its employees preclude the former employees, for a period of one year after their employment separation from System One, from engaging in the acts of solicitation alleged and asserted in Count I, above.

53.    At all times relevant to this Complaint, Pearce has had knowledge that the Non-Solicitation Agreements between System One and its former employees preclude the former employees, for a period of one year after their employment separation from System One, from engaging in the acts of solicitation alleged and asserted in Count I, above.

54.    Despite Pearce's knowledge of the restrictions set forth in System One's Non-Solicitation Agreements, Pearce has intentionally induced and is continuing to intentionally induce System One's former employees to breach their Non-Solicitation Agreements in the manner alleged herein, including in Count I, above.

55.    No privilege or justification exists for Pearce's intentional interference with System One's Non-Solicitation Agreements.

56.    Pearce has acted intentionally, willfully, maliciously, and with reckless indifference to the rights of System One in inducing System One's former employees to breach their Non-Solicitation Agreements with System One, and the conduct of Pearce was and continues to be outrageous.

57.    As a result of Pearce's tortious interference with System One's Non-Solicitation Agreements with its former employees, System One has been and will continue to be damaged, will continue to be immediately and irreparably harmed, and does not have a complete and adequate remedy at law.

WHEREFORE, Plaintiff System One Holdings, LLC, requests entry of judgment in its favor and against Defendant Pearce Services, LLC, and that the Court: award special, preliminary

15

282757892.v1

and/or permanent injunctive relief and enjoin Defendant Pearce against any continued interference with the Non-Solicitation Agreements; award all available actual, consequential, compensatory, punitive, exemplary, or other damages, in an amount in excess of $50,000.00; award System One its attorneys' fees and costs of suit to the extent available; and award such other and further relief as the Court may deem just and proper.

## COUNT III
### Unfair Competition

58.    System One hereby incorporates by reference the allegations of all prior and subsequent paragraphs of this Complaint.

59.    Pearce, by breaching its common law obligations to System One, as described above, has engaged in unfair competition with System One.

60.    By inducing System One's former employees to breach their Non-Solicitation Agreements with System One, Pearce has engaged in further unfair competition with System One.

61.    Pearce's conduct has been contrary to honest commercial and industrial practices.

62.    Pearce's conduct has been willful, intentional, and unprivileged, and has caused and will continue to cause System One to suffer irreparable harm and monetary damages.

WHEREFORE, Plaintiff System One Holdings, LLC, requests entry of judgment in its favor and against Defendant Pearce Services, LLC, and that the Court: award special, preliminary and/or permanent injunctive relief and enjoin Defendant Pearce against any continued acts of unfair competition; award all available actual, consequential, compensatory, punitive, exemplary, or other damages, in an amount in excess of $50,000.00; award System One its attorneys' fees and costs of suit to the extent available; and award such other and further relief as the Court may deem just and proper.

16

282757892.v1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff System One Holdings, LLC, requests entry of judgment in its

favor and against Defendant Pearce Services, LLC, and that the Court:

a.    award special, preliminary and permanent injunctive relief and enjoin Defendants against any continued breach of or interference with the Non-Solicitation Agreements;

b.    award all available actual, consequential, compensatory, punitive, exemplary, or other damages, in an amount in excess of $50,000.00;

c.    award System One its attorneys' fees and costs of suit to the extent available; and

d.    award such other and further relief as the Court may deem just and proper.

## JURY DEMAND

A trial by jury is hereby demanded on all claims and issues so triable.

Respectfully submitted,

Dated: July 8, 2025

/s/ J. Alexander Hershey
J. Alexander Hershey, Esq.
PA ID No. 84741
ahershey@clarkhill.com

Shelby L Garland, Esq.
PA ID No. 334693
sgarland@clarkhill.com

CLARK HILL PLC
Firm I.D. No. 282
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219-1425
(412) 394-7711

*Counsel for Plaintiff
System One Holdings, LLC*

17

282757892.v1

**system|one**

## CONFIDENTIALITY, NON-SOLICITATION
## AND WORK PRODUCT ASSIGNMENT AGREEMENT,
## AND MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims ("the Agreement"), is between System One Holdings, LLC and/or its affiliates, predecessors and/or successors (individually and collectively, "System One")[1] and _____ _____ ("Employee") (the Employee and System One, together, are referred to as the "Parties"). As a material inducement for System One to employ Employee on an at-will basis, and in consideration of Employee's employment by System One, and in further consideration of the mutual promises set forth below, intending to be legally bound, the Parties agree as follows:

### 1.  Confidential Information.

#### 1.1.    Definition.

"Confidential Information" consists of all information or data relating to the business of System One, including but not limited to, business and financial information; new product development and technological data; personnel information and the identities of employees; the identities of applicants for employment; the identities of clients and suppliers and prospective clients and suppliers; client lists and potential client lists; résumés; development, expansion and business strategies, plans and techniques; computer programs, devices, methods, techniques, processes and inventions; research and development activities; trade secrets as defined by applicable law and other materials (whether in written, graphic, audio, visual, electronic or other media, including computer software) developed by or on behalf of System One which is not generally known to the public, which System One has and will take precautions to maintain as confidential, and which derives at least a portion of its value to System One from its confidentiality. Additionally, Confidential Information includes information of any third party doing business with System One (actively or prospectively) that falls within the definition of Confidential Information set forth above as applied to such third party or that System One or such third party identifies as being confidential. Confidential Information does not include any information that is in the public domain or otherwise publicly available (other than as a result of a wrongful act by Employee or an agent or other employee of System One), information relating to the terms and conditions of employment, such as wages and benefits or other information that relates to Employee's engaging in lawful, protected, concerted activity under the National Labor Relations Act.

#### 1.2.    Agreement Regarding the Confidentiality of Confidential Information.

Employee acknowledges that, as a result of his/her employment by System One, he/she will have access to Confidential Information and to additional Confidential Information which may be developed in the future. Employee acknowledges that all Confidential Information is the exclusive property of System One, or in the case of Confidential Information of a third party, of such third party. Employee agrees to hold all Confidential Information in trust for the benefit of the owner of such Confidential Information. Employee further agrees that he/she will use Confidential Information for the sole purpose of performing his/her work for System One, and that during his/her employment with System One, and at all times after the termination of that employment for any reason, Employee will not use for his/her benefit, or the benefit of others, or divulge or convey to any third party any Confidential Information

---

[1] Any reference in this Agreement to System One will be a reference to System One, its parents, subsidiaries, predecessors, successors, and assigns, and also to the officers, directors, employees, agents, benefit plans, benefit plans' sponsors and administrators, and fiduciaries of any of the foregoing.

062015

Doc ID: 20190412184445851
Sertifi Electronic Signature

**EXHIBIT A**

**system|one**

obtained by Employee during his/her employment by System One, unless it is pursuant to System One's express prior written permission.

### 1.3.    Return of Property.

Employee acknowledges that he/she has not acquired and will not acquire any right, title or interest in any Confidential Information or any portion thereof. Employee agrees that, either before or upon termination of his/her employment for any reason, or at any time upon System One's request, he/she will deliver to System One immediately, all documents, data, computer programs and all other materials, and all copies thereof, that were obtained or made by Employee during his/her employment with System One, which constitute, contain or relate to Confidential Information, and any other documents, equipment and materials of any kind which constitute the property of System One or its clients, whether confidential or not, including any and all copies or notes thereof which may have been made by or for Employee. After the termination of Employee's employment, Employee shall not retain, in hard copy, computer, electronic, or any other form, any information which constitutes, contains, or relates in any way to proprietary, confidential, or trade secret information of System One or its clients, including Confidential Information.

### 1.4.    Additional Obligation to Maintain the Confidentiality of Client's Confidential Information.

Employee may have access to confidential client information during Employee's employment with System One. Confidential client information includes all information about client's business affairs that is provided to System One by its clients, which is not already known or readily available to the general public. Knowledge of a client's business affairs must never be disclosed or used in an improper manner.

In order to maintain the professional confidence that is the basis of the client relationship, Employee shall not:

a.    Discuss any client's affairs with other clients or with third parties, unless System One has been authorized to do so and System One expressly authorizes Employee to do so.

b.    Identify any particular client where or with whom System One did work, including but not limited to when discussing the specific projects performed with other potential or existing clients.

c.    Discuss any confidential information of any client with any such client's employees who are not authorized to receive it.

d.    Discuss confidential client matters in public places where conversations may be overheard.

### 2.    Disclosure and Assignment of Inventions and Creative Works.

Employee agrees, during and after his/her employment with System One, to promptly disclose in writing to System One all inventions, ideas, discoveries, developments, improvements and innovations (collectively "Inventions"), whether or not patentable and all copyrightable works, including but limited to computer software designs and programs ("Creative Works") conceived, made or developed by Employee, whether solely or together with others, during the period Employee is employed by System One. Employee agrees that all Inventions and all Creative Works, whether or not conceived or made during working hours, that: (a) relate directly to the business of System One or its actual or demonstrably anticipated research or development, or (b) result from Employee's work for System One, or (c) involve the use of any equipment, supplies, facilities, Confidential Information, or time of System One, are the exclusive property of System One.  To the extent that the Inventions or Creative Works consist of copyrightable subject matter, Employee and System One agree and acknowledge that the subject matter and any and all rights with respect to that subject matter are and shall be deemed, to the extent allowed by

062015                                                    - 2 -

Doc ID: 20190412184445851
Sertifi Electronic Signature

system|one

law, to be produced by for System One as a work made for hire. Employee hereby assigns and agrees to assign all right, title and interest in and to all such Inventions and Creative Works to System One. During and after the period of Employee's employment with System One, Employee shall execute all documents, and will assist System One in every reasonable and proper way, to obtain and enforce patents, trademark registrations, service mark registrations and copyrights, but Employee will receive no compensation for his/her assistance, other than the base earnings that Employee receives while employed by System One. Employee understands that he/she is not required to assign to System One any Invention or Creative Work for which no equipment, supplies, facilities, Confidential Information or time of System One was used, unless such Invention or Creative Work relates directly to System One's business or actual or demonstrably anticipated research and development, or results from any work performed by Employee for System One.

**3.    Non-Solicitation Covenants.**

**3.1.    Non-Solicitation of Clients.**

During the period of the Employee's employment with System One and for a period of one year from the date of termination of such employment for any reason (the "Restricted Period"), Employee agrees that he/she will not, directly or indirectly, for the Employee's benefit or on behalf of any person, corporation, partnership or entity whatsoever call on, solicit, perform services for, interfere with or endeavor to entice away from System One any client to whom Employee provided services at any time during the 12 month period immediately preceding the date of termination of Employee's employment with System One, or any prospective client with whom Employee had contact during the six month period immediately preceding the date of termination of Employee's employment with System One. A "prospective client" shall be defined as an individual or company that expressed interest in working with System One or any individual or company to which System One submitted a bid or proposal. Notwithstanding the foregoing, the Restricted Period for employees performing work for System One exclusively or primarily in California shall be the period of Employee's employment with System One.

**3.2.    Non-Solicitation of Employees.**

During the Restricted Period, as defined in Section 3.1, Employee agrees that he/she will not, directly or indirectly (1) hire, attempt to hire or solicit for employment any employee of System One, or (2) encourage any employee to leave the employee's employment with System One. For purposes of this Agreement, an employee is any individual who was employed by System One on the last day of Employee's employment or any individual who was employed by System One during the six month period immediately preceding the last day of Employee's employment with System One.

**3.3.    Non-Solicitation of Candidates.**

During the Restricted Period, as defined in Section 3.1, except for the exclusive purpose of performing his/her work for System One, Employee agrees that he/she will not, directly or indirectly, hire, attempt to hire or solicit for employment any candidate for employment who Employee solicited for placement with or placed with System One during Employee's employment with System One.

**4.    Agreement to Arbitrate.**

Doc ID: 20190412184445851
Sertifi Electronic Signature

# system|one

### 4.1.    Acknowledgment.

The Parties recognize that differences may arise between them, or between Employee and System One's client(s), during or after Employee's employment with System One.

The Parties understand and agree that by entering into this agreement to arbitrate claims, each anticipates gaining the benefit of arbitration as a speedy, impartial dispute-resolution procedure, and each understands and agrees that both parties are voluntarily consenting to forego other types of litigation, except as specifically listed below in Sections 4.2 and 4.3. ***The Parties acknowledge and agree that, by entering into this Agreement, each Party is giving up the right to a jury trial for claims covered by this Section 4.*** Employee acknowledges that his/her agreement to submit to arbitration as described in this Agreement is in consideration of and is a material inducement to his/her employment by System One.

### 4.2.    Claims Covered by this Agreement.

System One and Employee mutually consent to the resolution by arbitration of all claims or controversies (including tort, contract or statutory), whether or not arising out of Employee's employment (or the termination of that employment), that System One may have against Employee or that Employee may have against System One, or that Employee may have against System One's client(s), if Employee's claim against System One's client(s) arises out of Employee's employment with System One (together, all of these are referred to as "claims"), except claims excluded in the following Section 4.3. Claims covered by this Agreement include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims, including but not limited to, defamation, wrongful termination, invasion of privacy and intentional infliction of emotional distress; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, genetic information or medical condition or disability), harassment and/or retaliation; claims for benefits or the monetary equivalent of benefits (except where an employee benefit or pension plan specifies that its claims procedure is subject to an arbitration procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following Section 4.3. Any and all claims must be brought in Employee's individual capacity, and not as a plaintiff, representative class member or class member in any purported class, collective or representative proceeding, to the maximum extent permitted by applicable law. System One's client(s) is an intended beneficiary of Section 4 of this Agreement.

### 4.3.    Claims Not Covered by this Agreement.

Claims not covered by this Agreement include claims that Employee may have now or in the future for workers' compensation or unemployment benefits. Also not covered by this Agreement are claims by System One based on criminal acts of Employee, and claims by System One for injunctive or other equitable relief and damages for: (a) breach or threatened breach of any non-competition, non-solicitation, confidentiality and/or patent or invention assignment agreements; (b) unfair competition; or (c) the misappropriation, use and/or unauthorized disclosure of trade secrets or confidential information, as to each of which Employee understands and agrees that System One may immediately seek and obtain relief from a court of competent jurisdiction.

### 4.4.    Required Notice of All Claims and Statute of Limitations.

The Parties agree that each must deliver written notice of any claim to the other party within one (1) year of the date the aggrieved party first has knowledge of the claim; otherwise the claim will be void

062015                                                                    - 4 -

system|one

and deemed waived, even if there is a federal or state statute of limitations which would have given more time to pursue the claim, to the maximum extent permitted by applicable law. Each party hereby waives any statute of limitations to the contrary. Notice to System One must be sent to the following:

System One Holdings, LLC
Attention: Chief Operating Officer
210 Sixth Avenue
Suite 3100
Pittsburgh, PA 15222

Notice to Employee must be sent to the address last known address provided by Employee to System One in writing.

### 4.5.    Arbitration Procedures.

System One and Employee agree that any arbitration under this Agreement shall be in accordance with the then-current employment dispute rules of the American Arbitration Association ("AAA") and all arbitration demands shall be through AAA unless System One and Employee mutually agree to a different dispute resolution company.  System One and Employee agree that the arbitration shall be held in Pittsburgh, Pennsylvania, unless System One and Employee mutually agree to hold the arbitration in a different location.

The arbitrator shall render a written award and opinion in the form typically rendered in arbitrations. The arbitrator's award shall be final and binding.

### 4.6.    Arbitration Fees and Costs.

System One will pay the reasonable fees and costs of the arbitrator. System One and Employee will each pay its and his/her costs and attorneys' fees, if any. However, if either Party prevails on a statutory claim that affords the prevailing party attorneys' fees, the arbitrator may award reasonable fees to the prevailing Party.

### 4.7.    Requirements for Modification or Revocation.

This Agreement to arbitrate shall survive the termination of Employee's employment. It may only be revoked or modified by a writing signed by the Parties which specifically states an intent to revoke or modify this Agreement.

### 4.8.    Sole and Entire Agreement Relating to Arbitration.

This is the complete agreement of the Parties on the subject of arbitration of disputes except for any arbitration agreement in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

062015                                                 - 5 -

system|one

## 5. Miscellaneous.

### 5.1. At-Will Employment; Not a Guarantee of Employment.

This Agreement is not, and shall not be construed to create, any contract of employment or guarantee of employment for any specific time or under any specific terms or conditions., express or implied, and each of the Parties remains free to terminate the employment relationship at any time, for any reason or no reason, with or without notice, reason, or cause. The Parties acknowledge and agree that the relationship between Employee and System One is at-will.

### 5.2. Notice to Prospective Employers.

Employee agrees that, with respect to each prospective employer with which Employee applies or interviews for employment during the term of Employee's employment with System One and within one year after the termination of Employee's employment with System One, Employee will inform the prospective employer of the existence of this Agreement and will provide the prospective employer with a copy of this Agreement. Employee agrees that System One may provide any such prospective employer with a copy of this Agreement.

### 5.3. Representations.

Employee represents that the duties and obligations set forth in this Agreement will not unduly restrict or limit Employee's ability to earn a livelihood following Employee's termination of employment.

### 5.4. Continuing Obligations.

The duties and obligations set forth in this Agreement shall continue to apply in accordance with their terms after the termination of Employee's employment with System One, regardless of whether Employee voluntarily quits his/her employment with System One or is terminated by System One, and regardless of whether Employee's termination is with or without cause. The Restricted Period, as defined in Section 3, shall automatically be extended by the length of time during which Employee is in breach of his or her obligations under Sections 3(a), 3(b) or 3(c) of this Agreement.

### 5.5. Enforcement.

If a court of competent jurisdiction determines that any of the restrictions stated herein are unreasonable, invalid or unenforceable, the parties hereto expressly agree that the court shall have the power to reduce the period, scope or geographical period contained in this Agreement to substitute the maximum period, scope or geographical area deemed reasonable under such circumstances. Because money damages would be an inadequate remedy for any breach of Employee's obligations under this Agreement, in the event Employee breaches or threatens to breach this Agreement, System One, or any successors or assigns, may, in addition to other rights and remedies existing in its favor, apply to any court of competent jurisdiction for specific performance, or injunctive or other equitable relief in order to enforce, or prevent any violations of, this Agreement.

### 5.6. Severability.

Whenever possible, each provision of this Agreement will be interpreted in such a way as to be effective, valid and lawful under applicable law, but if any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other provisions, but this Agreement and/or

062015                                           - 6 -

Doc ID: 20190412184445851
Sertifi Electronic Signature

**system|one**

such provision will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable provision had never been contained herein. Nothing in this Agreement is intended to preclude or dissuade Employee from engaging in legally protected activities or activities protected by local, state or federal law, including but not limited to the National Labor Relations Act, such as discussing wages, benefits or terms and conditions of employment, forming, joining or supporting labor unions, bargaining collectively through representatives of their choosing, raising complaints about working conditions for their and their fellow employees' mutual aid or protection or engaging in legally required activities.

### 5.7.    Complete Agreement.

Except as set forth in this Agreement, this Agreement contains the complete agreement and understanding between the Parties and supersedes and preempts any prior understanding, agreement or representation by or between the Parties, written or oral, relating to the subject matter contained herein. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

### 5.8.    Additional Rights and Causes of Action.

This Agreement is in addition to and does not in any way waive or detract from any rights or causes of action System One may have relating to Confidential Information or other protectable information or interests under statutory or common law or under any other agreement.

### 5.9.    Governing Law.

Notwithstanding principles of conflicts of law of any jurisdiction to the contrary, this Agreement shall be construed in accordance with, and the rights and obligations of the Parties hereunder shall be governed by all terms and provisions of this Agreement are to be construed and governed by the laws of the Commonwealth of Pennsylvania.

### 5.10.    Forum Selection.

Except as otherwise expressly set forth in Section 4 of this Agreement, any civil action to enforce this Agreement, or for a declaration of rights under this Agreement, shall be brought in and only in the Court of Common Pleas of Allegheny County, Pennsylvania, or, if the United States District Courts would otherwise have jurisdiction, in the United States District Court for the Western District of Pennsylvania. Employee hereby waives any objection that Employee may now or hereafter have to jurisdiction or venue in those courts, and agrees to submit to the jurisdiction of those courts. Employee agrees System One may make effective service of process on him/her by mail at the last known address provided to System One by Employee in writing.

### 5.11.    Successors and Assigns.

System One and Employee acknowledge that the covenants and terms of this Agreement are intended to benefit not only System One, but also its successors, subsidiaries and affiliates. Accordingly, Employee agrees that System One may assign this Agreement to any person, partnership or corporation that purchases or is purchased by System One, as well as to any System One subsidiary or affiliate, without notice to Employee. These persons and other entities shall succeed to the rights and obligations of this Agreement and may enforce the terms of the Agreement on their own behalf or in the name of System One. Employee may not assign Employee's rights or delegate Employee's obligations hereunder.

062015                                    - 7 -

Doc ID: 20190412184445851
Sertifi Electronic Signature

**system|one**

or corporation that purchases or is purchased by System One, as well as to any System One subsidiary or affiliate, without notice to Employee. These persons and other entities shall succeed to the rights and obligations of this Agreement and may enforce the terms of the Agreement on their own behalf or in the name of System One. Employee may not assign Employee's rights or delegate Employee's obligations hereunder.

**5.12. Waivers.**

The waiver by either Employee or System One of a breach by the other party of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by the breaching party.

SYSTEM ONE AND EMPLOYEE ACKNOWLEDGE THAT (A) EACH HAS CAREFULLY READ THIS AGREEMENT, (B) EACH UNDERSTANDS ITS TERMS, (C) ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN SYSTEM ONE AND EMPLOYEE RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND (D) EACH HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE OTHER, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

EMPLOYEE FURTHER ACKNOWLEDGES THAT HE/SHE HAS BEEN GIVEN SUFFICIENT TIME AND OPPORTUNITY TO CONSIDER WHETHER TO SIGN THIS AGREEMENT; AND HAS NOT BEEN FORCED OR COERCED INTO DOING SO.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties hereto have executed this Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims.

SYSTEM ONE HOLDINGS, LLC

*Bonnie Marshall*

onboarding-help@systemone.com
Signature of Employee

**Bonnie C Marshall**

Print Name of Employee
04/12/2019

Date

*Rebecca B*

Signature of Authorized Representative

**Human Resources Manager**

Title of Representative
04/12/2019

Date

062015

-8-

Doc ID: 20190412184445851
Sertifi Electronic Signature

**system|one**

## CONFIDENTIALITY, NON-SOLICITATION
## AND WORK PRODUCT ASSIGNMENT AGREEMENT,
## AND MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims ("the Agreement"), is between System One Holdings, LLC and/or its affiliates, predecessors and/or successors (individually and collectively, "System One")[1] and _
_____Melissa Mendez_____ ("Employee") (the Employee and System One, together, are referred to as the "Parties"). As a material inducement for System One to employ Employee on an at-will basis, and in consideration of Employee's employment by System One, and in further consideration of the mutual promises set forth below, intending to be legally bound, the Parties agree as follows:

1. **Confidential Information.**

   1.1. **Definition.**

   "Confidential Information" consists of all information or data relating to the business of System One, including but not limited to, business and financial information; new product development and technological data; personnel information and the identities of employees; the identities of applicants for employment; the identities of clients and suppliers and prospective clients and suppliers; client lists and potential client lists; résumés; development, expansion and business strategies, plans and techniques; computer programs, devices, methods, techniques, processes and inventions; research and development activities; trade secrets as defined by applicable law and other materials (whether in written, graphic, audio, visual, electronic or other media, including computer software) developed by or on behalf of System One which is not generally known to the public, which System One has and will take precautions to maintain as confidential, and which derives at least a portion of its value to System One from its confidentiality. Additionally, Confidential Information includes information of any third party doing business with System One (actively or prospectively) that falls within the definition of Confidential Information set forth above as applied to such third party or that System One or such third party identifies as being confidential. Confidential Information does not include any information that is in the public domain or otherwise publicly available (other than as a result of a wrongful act by Employee or an agent or other employee of System One), information relating to the terms and conditions of employment, such as wages and benefits or other information that relates to Employee's engaging in lawful, protected, concerted activity under the National Labor Relations Act.

   1.2. **Agreement Regarding the Confidentiality of Confidential Information.**

   Employee acknowledges that, as a result of his/her employment by System One, he/she will have access to Confidential Information and to additional Confidential Information which may be developed in the future. Employee acknowledges that all Confidential Information is the exclusive property of System One, or in the case of Confidential Information of a third party, of such third party. Employee agrees to hold all Confidential Information in trust for the benefit of the owner of such Confidential Information. Employee further agrees that he/she will use Confidential Information for the sole purpose of performing his/her work for System One, and that during his/her employment with System One, and at all times after the termination of that employment for any reason, Employee will not use for his/her benefit, or the benefit of others, or divulge or convey to any third party any Confidential Information

---

[1] Any reference in this Agreement to System One will be a reference to System One, its parents, subsidiaries, predecessors, successors, and assigns, and also to the officers, directors, employees, agents, benefit plans, benefit plans' sponsors and administrators, and fiduciaries of any of the foregoing.

062015

**EXHIBIT B**

system|one

obtained by Employee during his/her employment by System One, unless it is pursuant to System One's express prior written permission.

### 1.3.    Return of Property.

Employee acknowledges that he/she has not acquired and will not acquire any right, title or interest in any Confidential Information or any portion thereof. Employee agrees that, either before or upon termination of his/her employment for any reason, or at any time upon System One's request, he/she will deliver to System One immediately, all documents, data, computer programs and all other materials, and all copies thereof, that were obtained or made by Employee during his/her employment with System One, which constitute, contain or relate to Confidential Information, and any other documents, equipment and materials of any kind which constitute the property of System One or its clients, whether confidential or not, including any and all copies or notes thereof which may have been made by or for Employee.  After the termination of Employee's employment, Employee shall not retain, in hard copy, computer, electronic, or any other form, any information which constitutes, contains, or relates in any way to proprietary, confidential, or trade secret information of System One or its clients, including Confidential Information.

### 1.4.    Additional Obligation to Maintain the Confidentiality of Client's Confidential Information.

Employee may have access to confidential client information during Employee's employment with System One. Confidential client information includes all information about client's business affairs that is provided to System One by its clients, which is not already known or readily available to the general public. Knowledge of a client's business affairs must never be disclosed or used in an improper manner.

In order to maintain the professional confidence that is the basis of the client relationship, Employee shall not:

a.    Discuss any client's affairs with other clients or with third parties, unless System One has been authorized to do so and System One expressly authorizes Employee to do so.

b.    Identify any particular client where or with whom System One did work, including but not limited to when discussing the specific projects performed with other potential or existing clients.

c.    Discuss any confidential information of any client with any such client's employees who are not authorized to receive it.

d.    Discuss confidential client matters in public places where conversations may be overheard.

### 2.    Disclosure and Assignment of Inventions and Creative Works.

Employee agrees, during and after his/her employment with System One, to promptly disclose in writing to System One all inventions, ideas, discoveries, developments, improvements and innovations (collectively "Inventions"), whether or not patentable and all copyrightable works, including but limited to computer software designs and programs ("Creative Works") conceived, made or developed by Employee, whether solely or together with others, during the period Employee is employed by System One. Employee agrees that all Inventions and all Creative Works, whether or not conceived or made during working hours, that: (a) relate directly to the business of System One or its actual or demonstrably anticipated research or development, or (b) result from Employee's work for System One, or (c) involve the use of any equipment, supplies, facilities, Confidential Information, or time of System One, are the exclusive property of System One.  To the extent that the Inventions or Creative Works consist of copyrightable subject matter, Employee and System One agree and acknowledge that the subject matter and any and all rights with respect to that subject matter are and shall be deemed, to the extent allowed by

062015                                      -2-

**system|one**

law, to be produced by for System One as a work made for hire. Employee hereby assigns and agrees to assign all right, title and interest in and to all such Inventions and Creative Works to System One. During and after the period of Employee's employment with System One, Employee shall execute all documents, and will assist System One in every reasonable and proper way, to obtain and enforce patents, trademark registrations, service mark registrations and copyrights, but Employee will receive no compensation for his/her assistance, other than the base earnings that Employee receives while employed by System One. Employee understands that he/she is not required to assign to System One any Invention or Creative Work for which no equipment, supplies, facilities, Confidential Information or time of System One was used, unless such Invention or Creative Work relates directly to System One's business or actual or demonstrably anticipated research and development, or results from any work performed by Employee for System One.

3.    **Non-Solicitation Covenants.**

3.1.    **Non-Solicitation of Clients.**

During the period of the Employee's employment with System One and for a period of one year from the date of termination of such employment for any reason (the "Restricted Period"), Employee agrees that he/she will not, directly or indirectly, for the Employee's benefit or on behalf of any person, corporation, partnership or entity whatsoever call on, solicit, perform services for, interfere with or endeavor to entice away from System One any client to whom Employee provided services at any time during the 12 month period immediately preceding the date of termination of Employee's employment with System One, or any prospective client with whom Employee had contact during the six month period immediately preceding the date of termination of Employee's employment with System One. A "prospective client" shall be defined as an individual or company that expressed interest in working with System One or any individual or company to which System One submitted a bid or proposal. Notwithstanding the foregoing, the Restricted Period for employees performing work for System One exclusively or primarily in California shall be the period of Employee's employment with System One.

3.2.    **Non-Solicitation of Employees.**

During the Restricted Period, as defined in Section 3.1, Employee agrees that he/she will not, directly or indirectly (1) hire, attempt to hire or solicit for employment any employee of System One, or (2) encourage any employee to leave the employee's employment with System One. For purposes of this Agreement, an employee is any individual who was employed by System One on the last day of Employee's employment or any individual who was employed by System One during the six month period immediately preceding the last day of Employee's employment with System One.

3.3.    **Non-Solicitation of Candidates.**

During the Restricted Period, as defined in Section 3.1, except for the exclusive purpose of performing his/her work for System One, Employee agrees that he/she will not, directly or indirectly, hire, attempt to hire or solicit for employment any candidate for employment who Employee solicited for placement with or placed with System One during Employee's employment with System One.

4.    **Agreement to Arbitrate.**

062015                                      - 3 -

system|one

### 4.1. Acknowledgment.

The Parties recognize that differences may arise between them, or between Employee and System One's client(s), during or after Employee's employment with System One.

The Parties understand and agree that by entering into this agreement to arbitrate claims, each anticipates gaining the benefit of arbitration as a speedy, impartial dispute-resolution procedure, and each understands and agrees that both parties are voluntarily consenting to forego other types of litigation, except as specifically listed below in Sections 4.2 and 4.3. *The Parties acknowledge and agree that, by entering into this Agreement, each Party is giving up the right to a jury trial for claims covered by this Section 4.* Employee acknowledges that his/her agreement to submit to arbitration as described in this Agreement is in consideration of and is a material inducement to his/her employment by System One.

### 4.2. Claims Covered by this Agreement.

System One and Employee mutually consent to the resolution by arbitration of all claims or controversies (including tort, contract or statutory), whether or not arising out of Employee's employment (or the termination of that employment), that System One may have against Employee or that Employee may have against System One, or that Employee may have against System One's client(s), if Employee's claim against System One's client(s) arises out of Employee's employment with System One (together, all of these are referred to as "claims"), except claims excluded in the following Section 4.3. Claims covered by this Agreement include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims, including but not limited to, defamation, wrongful termination, invasion of privacy and intentional infliction of emotional distress; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, genetic information or medical condition or disability), harassment and/or retaliation; claims for benefits or the monetary equivalent of benefits (except where an employee benefit or pension plan specifies that its claims procedure is subject to an arbitration procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following Section 4.3. Any and all claims must be brought in Employee's individual capacity, and not as a plaintiff, representative class member or class member in any purported class, collective or representative proceeding, to the maximum extent permitted by applicable law. System One's client(s) is an intended beneficiary of Section 4 of this Agreement.

### 4.3. Claims Not Covered by this Agreement.

Claims not covered by this Agreement include claims that Employee may have now or in the future for workers' compensation or unemployment benefits. Also not covered by this Agreement are claims by System One based on criminal acts of Employee, and claims by System One for injunctive or other equitable relief and damages for: (a) breach or threatened breach of any non-competition, non-solicitation, confidentiality and/or patent or invention assignment agreements; (b) unfair competition; or (c) the misappropriation, use and/or unauthorized disclosure of trade secrets or confidential information, as to each of which Employee understands and agrees that System One may immediately seek and obtain relief from a court of competent jurisdiction.

### 4.4. Required Notice of All Claims and Statute of Limitations.

The Parties agree that each must deliver written notice of any claim to the other party within one (1) year of the date the aggrieved party first has knowledge of the claim; otherwise the claim will be void

062015                                    - 4 -



and deemed waived, even if there is a federal or state statute of limitations which would have given more time to pursue the claim, to the maximum extent permitted by applicable law. Each party hereby waives any statute of limitations to the contrary. Notice to System One must be sent to the following:

> System One Holdings, LLC
> Attention: Chief Operating Officer
> 12 Federal Street
> Suite 205
> Pittsburgh, PA 15212

Notice to Employee must be sent to the address last known address provided by Employee to System One in writing.

### 4.5.    Arbitration Procedures.

System One and Employee agree that any arbitration under this Agreement shall be in accordance with the then-current employment dispute rules of the American Arbitration Association ("AAA") and all arbitration demands shall be through AAA unless System One and Employee mutually agree to a different dispute resolution company. System One and Employee agree that the arbitration shall be held in Pittsburgh, Pennsylvania, unless System One and Employee mutually agree to hold the arbitration in a different location.

The arbitrator shall render a written award and opinion in the form typically rendered in arbitrations. The arbitrator's award shall be final and binding.

### 4.6.    Arbitration Fees and Costs.

System One will pay the reasonable fees and costs of the arbitrator. System One and Employee will each pay its and his/her costs and attorneys' fees, if any. However, if either Party prevails on a statutory claim that affords the prevailing party attorneys' fees, the arbitrator may award reasonable fees to the prevailing Party.

### 4.7.    Requirements for Modification or Revocation.

This Agreement to arbitrate shall survive the termination of Employee's employment. It may only be revoked or modified by a writing signed by the Parties which specifically states an intent to revoke or modify this Agreement.

### 4.8.    Sole and Entire Agreement Relating to Arbitration.

This is the complete agreement of the Parties on the subject of arbitration of disputes except for any arbitration agreement in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

062015                                                    - 5 -

## system|one

### 5. Miscellaneous.

#### 5.1. At-Will Employment; Not a Guarantee of Employment.

This Agreement is not, and shall not be construed to create, any contract of employment or guarantee of employment for any specific time or under any specific terms or conditions., express or implied, and each of the Parties remains free to terminate the employment relationship at any time, for any reason or no reason, with or without notice, reason, or cause. The Parties acknowledge and agree that the relationship between Employee and System One is at-will.

#### 5.2. Notice to Prospective Employers.

Employee agrees that, with respect to each prospective employer with which Employee applies or interviews for employment during the term of Employee's employment with System One and within one year after the termination of Employee's employment with System One, Employee will inform the prospective employer of the existence of this Agreement and will provide the prospective employer with a copy of this Agreement. Employee agrees that System One may provide any such prospective employer with a copy of this Agreement.

#### 5.3. Representations.

Employee represents that the duties and obligations set forth in this Agreement will not unduly restrict or limit Employee's ability to earn a livelihood following Employee's termination of employment.

#### 5.4. Continuing Obligations.

The duties and obligations set forth in this Agreement shall continue to apply in accordance with their terms after the termination of Employee's employment with System One, regardless of whether Employee voluntarily quits his/her employment with System One or is terminated by System One, and regardless of whether Employee's termination is with or without cause. The Restricted Period, as defined in Section 3, shall automatically be extended by the length of time during which Employee is in breach of his or her obligations under Sections 3(a), 3(b) or 3(c) of this Agreement.

#### 5.5. Enforcement.

If a court of competent jurisdiction determines that any of the restrictions stated herein are unreasonable, invalid or unenforceable, the parties hereto expressly agree that the court shall have the power to reduce the period, scope or geographical period contained in this Agreement to substitute the maximum period, scope or geographical area deemed reasonable under such circumstances. Because money damages would be an inadequate remedy for any breach of Employee's obligations under this Agreement, in the event Employee breaches or threatens to breach this Agreement, System One, or any successors or assigns, may, in addition to other rights and remedies existing in its favor, apply to any court of competent jurisdiction for specific performance, or injunctive or other equitable relief in order to enforce, or prevent any violations of, this Agreement.

#### 5.6. Severability.

Whenever possible, each provision of this Agreement will be interpreted in such a way as to be effective, valid and lawful under applicable law, but if any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other provisions, but this Agreement and/or

062015                                  - 6 -

system|one

such provision will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable provision had never been contained herein. Nothing in this Agreement is intended to preclude or dissuade Employee from engaging in legally protected activities or activities protected by local, state or federal law, including but not limited to the National Labor Relations Act, such as discussing wages, benefits or terms and conditions of employment, forming, joining or supporting labor unions, bargaining collectively through representatives of their choosing, raising complaints about working conditions for their and their fellow employees' mutual aid or protection or engaging in legally required activities.

### 5.7.    Complete Agreement.

Except as set forth in this Agreement, this Agreement contains the complete agreement and understanding between the Parties and supersedes and preempts any prior understanding, agreement or representation by or between the Parties, written or oral, relating to the subject matter contained herein. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

### 5.8.    Additional Rights and Causes of Action.

This Agreement is in addition to and does not in any way waive or detract from any rights or causes of action System One may have relating to Confidential Information or other protectable information or interests under statutory or common law or under any other agreement.

### 5.9.    Governing Law.

Notwithstanding principles of conflicts of law of any jurisdiction to the contrary, this Agreement shall be construed in accordance with, and the rights and obligations of the Parties hereunder shall be governed by all terms and provisions of this Agreement are to be construed and governed by the laws of the Commonwealth of Pennsylvania.

### 5.10.    Forum Selection.

Except as otherwise expressly set forth in Section 4 of this Agreement, any civil action to enforce this Agreement, or for a declaration of rights under this Agreement, shall be brought in and only in the Court of Common Pleas of Allegheny County, Pennsylvania, or, if the United States District Courts would otherwise have jurisdiction, in the United States District Court for the Western District of Pennsylvania. Employee hereby waives any objection that Employee may now or hereafter have to jurisdiction or venue in those courts, and agrees to submit to the jurisdiction of those courts. Employee agrees System One may make effective service of process on him/her by mail at the last known address provided to System One by Employee in writing.

### 5.11.    Successors and Assigns.

System One and Employee acknowledge that the covenants and terms of this Agreement are intended to benefit not only System One, but also its successors, subsidiaries and affiliates. Accordingly, Employee agrees that System One may assign this Agreement to any person, partnership or corporation that purchases or is purchased by System One, as well as to any System One subsidiary or affiliate, without notice to Employee. These persons and other entities shall succeed to the rights and obligations of this Agreement and may enforce the terms of the Agreement on their own behalf or in the name of System One. Employee may not assign Employee's rights or delegate Employee's obligations hereunder.

062015                                    - 7 -

**system|one**

**5.12.   Waivers.**

The waiver by either Employee or System One of a breach by the other party of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by the breaching party.

SYSTEM ONE AND EMPLOYEE ACKNOWLEDGE THAT (A) EACH HAS CAREFULLY READ THIS AGREEMENT, (B) EACH UNDERSTANDS ITS TERMS, (C) ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN SYSTEM ONE AND EMPLOYEE RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND (D) EACH HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE OTHER, OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

EMPLOYEE FURTHER ACKNOWLEDGES THAT HE/SHE HAS BEEN GIVEN SUFFICIENT TIME AND OPPORTUNITY TO CONSIDER WHETHER TO SIGN THIS AGREEMENT; AND HAS NOT BEEN FORCED OR COERCED INTO DOING SO.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties hereto have executed this Confidentiality, Non-Solicitation and Work Product Assignment Agreement and Mutual Agreement to Arbitrate Claims.

SYSTEM ONE HOLDINGS, LLC

_Melissa Mendez_
Signature of Employee

Melissa Mendez
Print Name of Employee

2-23-16
Date

Signature of Authorized Representative

HR Manager
Title of Representative

2/26/16
Date

062015                                           - 8 -

system|one

## CONFIDENTIALITY, NON-SOLICITATION AND WORK PRODUCT ASSIGNMENT AGREEMENT, AND MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Confidentiality, Non-Solicitation and Work Product Assignment Agreement, and Mutual Agreement to Arbitrate Claims ("the Agreement"), is between System One Holdings, LLC (individually "System One")[1] and _Wendy Younk_ ("Employee") (the Employee and System One, together, are referred to as the "Parties"). As a material inducement for System One to employ Employee on an at-will basis, and in consideration of Employee's employment by System One, and in further consideration of the mutual promises set forth below, intending to be legally bound, the Parties agree as follows:

1.    **Confidential Information.**

   1.1.   **Definition.**

"Confidential Information" consists of all information or data relating to the business of System One, including but not limited to, business and financial information; new product development and technological data; personnel information, personally identifying information, and the identities of employees; the identities and personally-identifying information of applicants for employment; the identities of clients and suppliers and prospective clients and suppliers; client lists and potential client lists; resumes; development, expansion and business strategies, plans and techniques; computer programs, devices, methods, techniques, processes and inventions; research and development activities; trade secrets as defined by applicable law and other materials (whether in written, graphic, audio, visual, electronic or other media, including computer software) developed by or on behalf of System One which is not generally known to the public, which System One has and will take precautions to maintain as confidential, and which derives at least a portion of its value to System One from its confidentiality. Additionally, Confidential Information includes information of any third party doing business with System One (actively or prospectively) that falls within the definition of Confidential Information set forth above as applied to such third party or that System One or such third party identifies as being confidential. Confidential Information does not include any information that is in the public domain or otherwise publicly available (other than as a result of a wrongful act by Employee or an agent or other employee of System One), information relating to the terms and conditions of employment, such as wages and benefits, or other information that relates to Employee's engaging in lawful, protected, concerted activity under the National Labor Relations Act.

   1.2.   **Agreement Regarding the Confidentiality of Confidential Information.**

Employee acknowledges that, as a result of his/her employment by System One, he/she will have access to Confidential Information and to additional Confidential Information which may be developed in the future. Employee acknowledges that all Confidential Information is the exclusive property of System One, or in the case of Confidential Information of a third party, of such third party. Employee agrees to hold all Confidential Information in trust for the benefit of the owner of such Confidential Information. Employee further agrees that he/she will use Confidential Information for the sole purpose of performing his/her work for System One, and that during his/her employment with System One, and at all times after the termination of that employment for any reason, Employee will not use for his/her benefit, or the benefit of others, or divulge or convey to any third party any Confidential Information obtained by Employee during his/her employment by System One, unless it is pursuant to System One's express prior written permission.

   1.3.   **Return of Property.**

Employee acknowledges that he/she has not acquired and will not acquire any right, title or interest in any Confidential Information or any portion thereof. Employee agrees that, either before or upon termination

_____
[1] Any reference in this Agreement to System One will be a reference to System One and its parents, subsidiaries, affiliates, and predecessors.
04152020

**EXHIBIT C**

system|one

of his/her employment for any reason, or at any time upon System One's request, he/she will deliver to System One immediately, all documents, data, emails, information, computer programs and all other materials, and all copies thereof, that were obtained or made by Employee during his/her employment with System One, which constitute, contain or relate to Confidential Information, and any other documents, equipment and materials of any kind which constitute the property of System One or its clients, whether confidential or not, including any and all copies, emails or notes thereof which may have been made by or for Employee. After the termination of Employee's employment, Employee shall not retain, in hard copy, computer, email, audio, video, electronic, or any other form, any information which constitutes, contains, or relates in any way to proprietary, confidential, or trade secret information of System One or its clients, including Confidential Information.

**1.4.    Additional Obligation to Maintain the Confidentiality of Client's Confidential Information.**

Employee may have access to confidential client information during Employee's employment with System One. Confidential client information includes all information about client's business affairs that is provided to System One by its clients, which is not already known or readily available to the general public. Knowledge of a client's business affairs must never be disclosed or used in an improper manner. In order to maintain the professional confidence that is the basis of the client relationship, Employee shall not:

    a.  Discuss any client's affairs with other clients or with third parties, unless System One has been authorized to do so and System One expressly authorizes Employee to do so.

    b.  Identify any particular client where or with whom System One did work, including but not limited to when discussing the specific projects performed with other potential or existing clients.

    c.  Discuss any confidential information of any client with such client's employees not authorized to receive it.

    d.  Discuss confidential client matters in public places where conversations may be overheard.

**2.    Disclosure and Assignment of Inventions and Creative Works.**

Employee agrees, during and after his/her employment with System One, to promptly disclose in writing to System One all inventions, ideas, discoveries, developments, improvements and innovations (collectively "Inventions"), whether or not patentable and all copyrightable works, including but limited to computer software designs and programs ("Creative Works") conceived, made or developed by Employee, whether solely or together with others, during the period Employee is employed by System One. Employee agrees that all Inventions and all Creative Works, whether or not conceived or made during working hours, that: (a) relate directly to the business of System One or its client(s) or the actual or demonstrably anticipated research or development of such party, or (b) result from Employee's work for System One, or (c) involve the use of any equipment, supplies, facilities, Confidential Information, or time of System One or its client(s), are the exclusive property of System One. To the extent that the Inventions or Creative Works consist of copyrightable subject matter, Employee and System One agree and acknowledge that the subject matter and any and all rights with respect to that subject matter are and shall be deemed, to the extent allowed by law, to be produced by for System One as a work made for hire. Employee hereby assigns and agrees to assign all right, title and interest in and to all such Inventions and Creative Works to System One and consents to the assignment of such Inventions and Creative Works to System One's client to whom Employee was assigned during Employee's employment with System One. During and after the period of Employee's employment with System One, Employee shall execute all documents, and will assist System One in every reasonable and proper way, to obtain and enforce patents, trademark registrations, service-mark registrations and copyrights, but Employee will receive no compensation for his/her assistance, other than the base earnings that Employee receives while employed by System One. Employee understands that he/she is not required to assign to System One any Invention or Creative Work for which no equipment, supplies, facilities, Confidential Information or time of System

04132020                                               2

**system|one**

One or its client was used, unless such Invention or Creative Work relates directly to System One's or its client(s)' business or actual or demonstrably anticipated research and development, or results from any work performed by Employee for System One.

**3.    Non-Solicitation Covenants.**

**3.1.    Non-Solicitation of Clients.**

During the period of the Employee's employment with System One and for a period of one year from the date of termination of such employment for any reason (the "Restricted Period"), Employee agrees that he/she will not, whether as an officer, director, employee, partner, member, sole proprietor, agent, representative, independent contractor, consultant, owner or otherwise, directly or indirectly, for the Employee's benefit or on behalf of any person, corporation, partnership or entity whatsoever call on, solicit, perform services for, interfere with or endeavor to entice away from System One any client with whom Employee had contact or to whom Employee provided services at any time during the 12 month period immediately preceding the date of termination of Employee's employment with System One, or any prospective client with whom Employee had contact during the six month period immediately preceding the date of termination of Employee's employment with System One. A "prospective client" shall be defined as an individual or company that expressed interest in working with System One or any individual or company to which System One submitted a bid or proposal. Notwithstanding the foregoing, the Restricted Period for employees performing work for System One exclusively or primarily in California shall be the period of Employee's employment with System One.

**3.2.    Non-Solicitation of Employees.**

During the Restricted Period, as defined in Section 3.1, Employee agrees that he/she will not, directly or indirectly (1) hire, attempt to hire or solicit for employment any employee of System One, or (2) encourage any employee to leave the employee's employment with System One. For purposes of this Agreement, an employee is any individual who was employed by System One on the last day of Employee's employment or any individual who was employed by System One during the six month period immediately preceding the last day of Employee's employment with System One.

**3.3.    Non-Solicitation of Candidates.**

During the Restricted Period, as defined in Section 3.1, except for the exclusive purpose of performing his/her work for System One, Employee agrees that he/she will not, directly or indirectly, hire, attempt to hire or solicit for employment any candidate for employment who Employee solicited for placement with or placed with System One during Employee's employment with System One.

**4.    Agreement to Arbitrate.**

This Section 4 shall be referred to as the "Arbitration Agreement", and is governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.), which evidences a transaction involving commerce. The Parties acknowledge and agree that, by entering into this Agreement, each Party is giving up the right to a court or jury trial for claims covered by this Arbitration Agreement.

**4.1.    Claims Covered by this Agreement.**

This Arbitration Agreement is intended to be as broad as legally permissible, and, except for claims not covered by this Arbitration Agreement listed below in Section 4.2 below, System One and Employee mutually consent to the resolution by final and binding arbitration of all claims or controversies (including without limitation, tort, common law, contract or statutory), past, present, or future, arising out of or related to this Agreement, and/or arising out of or related to Employee's application and selection for employment, employment, or the termination of that employment, that System One may have against Employee or that Employee may have against System One, System's One's employees, officers, and members, and/or that Employee may have against (i) System One's client, (ii) client affiliates, customers, contractors and vendors, and (iii) any other entity that Employee alleges is Employee's employer (the entities and individuals listed in (i) to (iii) above are collectively referred to as "Third Parties"), if

04152020                                                    3

## system|one

of his/her employment for any reason, or at any time upon System One's request, he/she will deliver to System One immediately, all documents, data, emails, information, computer programs and all other materials, and all copies thereof, that were obtained or made by Employee during his/her employment with System One, which constitute, contain or relate to Confidential Information, and any other documents, equipment and materials of any kind which constitute the property of System One or its clients, whether confidential or not, including any and all copies, emails or notes thereof which may have been made by or for Employee. After the termination of Employee's employment, Employee shall not retain, in hard copy, computer, email, audio, video, electronic, or any other form, any information which constitutes, contains, or relates in any way to proprietary, confidential, or trade secret information of System One or its clients, including Confidential Information.

**1.4.** **Additional Obligation to Maintain the Confidentiality of Client's Confidential Information.**

Employee may have access to confidential client information during Employee's employment with System One. Confidential client information includes all information about client's business affairs that is provided to System One by its clients, which is not already known or readily available to the general public. Knowledge of a client's business affairs must never be disclosed or used in an improper manner. In order to maintain the professional confidence that is the basis of the client relationship, Employee shall not:

a. Discuss any client's affairs with other clients or with third parties, unless System One has been authorized to do so and System One expressly authorizes Employee to do so.

b. Identify any particular client where or with whom System One did work, including but not limited to when discussing the specific projects performed with other potential or existing clients.

c. Discuss any confidential information of any client with such client's employees not authorized to receive it.

d. Discuss confidential client matters in public places where conversations may be overheard.

**2.** **Disclosure and Assignment of Inventions and Creative Works.**

Employee agrees, during and after his/her employment with System One, to promptly disclose in writing to System One all inventions, ideas, discoveries, developments, improvements and innovations (collectively "Inventions"), whether or not patentable and all copyrightable works, including but limited to computer software designs and programs ("Creative Works") conceived, made or developed by Employee, whether solely or together with others, during the period Employee is employed by System One. Employee agrees that all Inventions and all Creative Works, whether or not conceived or made during working hours, that: (a) relate directly to the business of System One or its client(s) or the actual or demonstrably anticipated research or development of such party, or (b) result from Employee's work for System One, or (c) involve the use of any equipment, supplies, facilities, Confidential Information, or time of System One or its client(s), are the exclusive property of System One. To the extent that the Inventions or Creative Works consist of copyrightable subject matter, Employee and System One agree and acknowledge that the subject matter and any and all rights with respect to that subject matter are and shall be deemed, to the extent allowed by law, to be produced by for System One as a work made for hire. Employee hereby assigns and agrees to assign all right, title and interest in and to all such Inventions and Creative Works to System One and consents to the assignment of such Inventions and Creative Works to System One's client to whom Employee was assigned during Employee's employment with System One. During and after the period of Employee's employment with System One, Employee shall execute all documents, and will assist System One in every reasonable and proper way, to obtain and enforce patents, trademark registrations, service mark registrations and copyrights, but Employee will receive no compensation for his/her assistance, other than the base earnings that Employee receives while employed by System One. Employee understands that he/she is not required to assign to System One any Invention or Creative Work for which no equipment, supplies, facilities, Confidential Information or time of System

04/5/2020                                            2

**system|one**

One or its client was used, unless such Invention or Creative Work relates directly to System One's or its client(s), business or actual or demonstrably anticipated research and development, or results from any work performed by Employee for System One.

### 3. Non-Solicitation Covenants.

#### 3.1. Non-Solicitation of Clients.

During the period of the Employee's employment with System One and for a period of one year from the date of termination of such employment for any reason (the "Restricted Period"), Employee agrees that he/she will not, whether as an officer, director, employee, partner, member, sole proprietor, agent, representative, independent contractor, consultant, owner or otherwise, directly or indirectly, for the Employee's benefit or on behalf of any person, corporation, partnership or entity whatsoever call on, solicit, perform services for, interfere with or endeavor to entice away from System One any client with whom Employee had contact or to whom Employee provided services at any time during the 12 month period immediately preceding the date of termination of Employee's employment with System One, or any prospective client with whom Employee had contact during the six month period immediately preceding the date of termination of Employee's employment with System One. A "prospective client" shall be defined as an individual or company that expressed interest in working with System One or any individual or company to which System One submitted a bid or proposal. Notwithstanding the foregoing, the Restricted Period for employees performing work for System One exclusively or primarily in California shall be the period of Employee's employment with System One.

#### 3.2. Non-Solicitation of Employees.

During the Restricted Period, as defined in Section 3.1, Employee agrees that he/she will not, directly or indirectly (1) hire, attempt to hire or solicit for employment any employee of System One, or (2) encourage any employee to leave the employee's employment with System One. For purposes of this Agreement, an employee is any individual who was employed by System One on the last day of Employee's employment or any individual who was employed by System One during the six month period immediately preceding the last day of Employee's employment with System One.

#### 3.3. Non-Solicitation of Candidates.

During the Restricted Period, as defined in Section 3.1, except for the exclusive purpose of performing his/her work for System One, Employee agrees that he/she will not, directly or indirectly, hire, attempt to hire or solicit for employment any candidate for employment who Employee solicited for placement with or placed with System One during Employee's employment with System One.

### 4. Agreement to Arbitrate.

This Section 4 shall be referred to as the "Arbitration Agreement", and is governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.), which evidences a transaction involving commerce. The Parties acknowledge and agree that, by entering into this Agreement, each Party is giving up the right to a court or jury trial for claims covered by this Arbitration Agreement.

#### 4.1. Claims Covered by this Agreement.

This Arbitration Agreement is intended to be as broad as legally permissible, and, except for claims not covered by this Arbitration Agreement listed below in Section 4.2 below, System One and Employee mutually consent to the resolution by final and binding arbitration of all claims or controversies (including without limitation, tort, common law, contract or statutory), past, present, or future, arising out of or related to this Agreement, and/or arising out of or related to Employee's application and selection for employment, employment, or the termination of that employment, that System One may have against Employee or that Employee may have against System One, System's One's employees, officers, and members, and/or that Employee may have against (i) System One's client, (ii) client affiliates, customers, contractors and vendors, and (iii) any other entity that Employee alleges is Employee's employer (the entities and individuals listed in (i) to (iii) above are collectively referred to as "Third Parties"), if

04152020                                    3

system|one

Employee's claim against a Third Party arises out of or is related to Employee's employment or relationship with System One. Claims covered by this Arbitration Agreement also include, but are not limited to, claims for wages, bonuses, overtime pay, or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims, including but not limited to, defamation, wrongful termination, invasion of privacy and intentional infliction of emotional distress; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, sexual identity, genetic information or medical condition or disability), harassment and/or retaliation; claims for benefits or the monetary equivalent of benefits (except where an employee benefit or pension plan specifies that its claims procedure is subject to an arbitration procedure different from this one); claims arising under the Defend Trade Secrets Act, Fair Credit Reporting Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, False Claims Act, state and local statutes or regulations addressing the same or similar subject matters, and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following Section 4.2. The Third Parties and System One's employees, officers, and members are intended beneficiaries of this Arbitration Agreement and may enforce this Arbitration Agreement.

The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the validity, applicability, enforceability, or waiver of this Arbitration Agreement including, but not limited to any claim that all or any part of this Arbitration Agreement is void or voidable. But, as stated below, the preceding sentence does not apply to the Class Action Waiver.

4.2.    **Claims Not Covered by this Agreement and Limitations on How this Arbitration Agreement Applies.**

The following claims are not covered by this Agreement: (i) claims for workers' compensation benefits, state disability insurance benefits, or unemployment benefits; however it does apply to discrimination or retaliation claims based upon seeking such benefits; (ii) claims that an applicable federal statute expressly states cannot be arbitrated or subject to a pre-dispute arbitration agreement; and (iii) representative actions for civil penalties filed under the California Private Attorneys General Act, which may only maintained in a court of competent jurisdiction. Nothing in this Arbitration Agreement prevents Employee from making a report to or filing a claim or charge with a governmental agency, including without limitation, the Equal Employment Opportunity Commission, U.S. Department of Labor, Securities and Exchange Commission, National Labor Relations Board, Occupational Safety and Health Administration, Office of Federal Contract Compliance Programs, or law enforcement agencies, and nothing in this Arbitration Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Arbitration Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies, even if the claims would otherwise be covered by this Agreement. Nothing in this Arbitration Agreement prevents or excuses a party from exhausting administrative remedies by filing any charges or complaints required by any governmental agency before bringing a claim in arbitration. This Arbitration Agreement also does not prevent or prohibit Employee in any way from reporting, communicating about, or disclosing claims for discrimination, retaliation, harassment, or sexual abuse.

A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, including without limitation any claim arising out of or related to the Agreement, in accordance with applicable law, and any such application shall not be deemed incompatible with or waiver of this Arbitration Agreement. The court to which the application is made is authorized to consider the merits of the arbitrable controversy to the extent it deems necessary in making

04152020                                    4



its ruling, but only to the extent permitted by applicable law. All determinations of final relief, however, will be decided in arbitration.

**4.3.    Required Notice of All Claims and Statute of Limitations.**

The Parties agree that each must deliver written notice of any claim to the other party by the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim. Notice to System One must be sent to the following:

System One Holdings, LLC
Attention: Chief Operating Officer
210 Sixth Avenue
Suite 3100
Pittsburgh, PA 15222.

Notice to Employee must be sent to the address last known address provided by Employee to System One in writing. The demand for arbitration shall identify the claim(s) asserted, factual basis for the claim(s), and, relief and/or remedy sought. The Arbitrator will resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

**4.4.    Arbitration Procedures.**

System One and Employee agree that any arbitration under this Agreement shall be administered by the American Arbitration Association ("AAA") in accordance with the then-current Employment Arbitration Rules ("AAA Rules") (the AAA Rules are available via the internet at www.adr.org/employment or by using a service such as Google to search for "AAA Employment Arbitration Rules"); provided however, if there is a conflict between the AAA Rules and this Arbitration Agreement, this Arbitration Agreement shall govern. Unless the Parties jointly agree otherwise, the Arbitrator must be an attorney experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a former judge from any jurisdiction. System One and Employee agree that unless the Parties jointly agree otherwise, the arbitration will take place in the county and in the state where Employee is currently employed or was last employed by System One.

The Arbitrator will be selected as follows: The AAA will give each party a list of nine (9) arbitrators (who are subject to the qualifications listed in the preceding paragraph) drawn from its panel of arbitrators. Each party will have seven (7) calendar days to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all Parties, that individual will be designated as the Arbitrator. If more than one common name remains on the lists of all Parties, the Parties will strike names alternately from the list of common names by telephone conference convened by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one remains. If no common name remains on the lists of all Parties, the AAA will furnish an additional list of nine (9) arbitrators from which the Parties will strike alternately by telephone conference convened by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one name remains. That person will be designated as the Arbitrator. If the individual selected cannot serve, AAA will issue another list of nine (9) arbitrators and repeat the alternate striking selection process.

The Arbitrator will apply the substantive federal, state, or local law applicable to the claim(s) asserted. Either party may file dispositive motions, including without limitation a motion to dismiss and/or a motion for summary judgment.

The Arbitrator shall render a written award and opinion, which will include the factual and legal basis for the award, within thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later. The arbitrator's award shall be final and binding, and may be entered in any court of competent jurisdiction.

**4.5.    Class Action Waiver.**

System One and Employee agree to bring any claim on an individual basis. Accordingly,

5

system|one

The Parties WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION AND THE ARBITRATOR WILL HAVE NO AUTHORITY TO HEAR OR PRESIDE OVER ANY SUCH CLAIM ("Class Action Waiver"). If a final judicial determination is made that the Class Action Waiver is unenforceable and that a class or collective action may proceed notwithstanding the existence of this Arbitration Agreement, the Arbitrator is nevertheless without authority to preside over a class or collective action and any class or collective action must be brought in a court of competent jurisdiction—not in arbitration.

Regardless of anything else in this Arbitration Agreement and/or the AAA Rules and/or amendments to those rules, any claim that all or part of the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable, may be determined only by a court of competent jurisdiction and not by an arbitrator.

**4.6.    Arbitration Fees and Costs.**

System One will pay the reasonable fees and costs of the arbitrator except for the filing fee as required by AAA, but in no event will Employee be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. System One and Employee will each pay its and his/her costs and attorneys' fees, if any. However, if either Party prevails on a statutory claim that affords the prevailing party attorneys' fees, the arbitrator may award reasonable fees to the prevailing Party as provided by applicable law.

**4.7.    Requirements for Modification or Revocation.**

This Arbitration Agreement shall survive the termination of Employee's employment. It may only be revoked or modified by a writing signed by the Parties which specifically states an intent to revoke or modify this Arbitration Agreement.

**4.8.    Sole and Entire Agreement Relating to Arbitration.**

This Arbitration Agreement is the complete agreement of the Parties on the subject of arbitration of disputes except for any arbitration agreement in connection with any pension or benefit plan. Unless this Arbitration Agreement is deemed void, unenforceable or invalid in its entirety, this Arbitration Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Arbitration Agreement.

**5.    Miscellaneous.**

**5.1.    At-Will Employment; Not a Guarantee of Employment.**

Any contractual disclaimers System One has in any handbooks, other agreements, or policies do not apply to this Agreement and the Arbitration Agreement contained in the Agreement, which are binding contracts; however neither the Agreement or the Arbitration Agreement shall be construed to create, any guarantee of employment for any specific time, and each of the Parties remains free to terminate the employment relationship at any time, for any reason or no reason, with or without notice, reason, or cause. The Parties acknowledge and agree that the relationship between Employee and System One is at-will.

**5.2.    Notice to Prospective Employers.**

Employee agrees that, with respect to each prospective employer with which Employee applies or interviews for employment during the term of Employee's employment with System One and within one year after the termination of Employee's employment with System One, Employee will inform the prospective employer of the existence of this Agreement and will provide the prospective employer with a copy of this Agreement. Employee agrees that System One may provide any such prospective employer with a copy of this Agreement.

**5.3.    Representations.**

04152020                                          6

system|one

Employee represents that the duties and obligations set forth in this Agreement will not unduly restrict or limit Employee's ability to earn a livelihood following Employee's termination of employment.

### 5.4.    Continuing Obligations.

The duties and obligations set forth in this Agreement shall continue to apply in accordance with their terms after the termination of Employee's employment with System One, regardless of whether Employee voluntarily quits his/her employment with System One or is terminated by System One, and regardless of whether Employee's termination is with or without cause. The Restricted Period, as defined in Section 3, shall automatically be extended by the length of time during which Employee is in breach of his or her obligations under Sections 3.1, 3.2 or 3.3 of this Agreement.

### 5.5.    Enforcement.

If a court of competent jurisdiction or Arbitrator, as applicable to claims for preliminary or temporary injunctive relief, determines that any of the restrictions stated herein are unreasonable, invalid or unenforceable, the Parties hereto expressly agree that the court shall have the power to reduce the period, scope or geographical period contained in this Agreement to substitute the maximum period, scope or geographical area deemed reasonable under such circumstances. Subject to the Arbitration Agreement above, because money damages would be an inadequate remedy for any breach of Employee's obligations under this Agreement, in the event Employee breaches or threatens to breach this Agreement, System One, or any successors or assigns, may, in addition to other rights and remedies existing in its favor, apply to any court of competent jurisdiction for specific performance, or injunctive or other equitable relief in order to enforce, or prevent any violations of, this Agreement.

### 5.6.    Severability.

Whenever possible, each provision of this Agreement will be interpreted in such a way as to be effective, valid and lawful under applicable law, but, except as stated in the Class Action Waiver above, if any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality or unenforceability will not affect any other provisions, but this Agreement and/or such provision will be reformed, construed and enforced in such jurisdiction as if such invalid, illegal or unenforceable provision had never been contained herein. Nothing in this Agreement is intended to preclude or dissuade Employee from engaging in legally protected activities or activities protected by local, state or federal law, including but not limited to the National Labor Relations Act, such as discussing wages, benefits or terms and conditions of employment, forming, joining or supporting labor unions, bargaining collectively through representatives of their choosing, raising complaints about working conditions for their and their fellow employees' mutual aid or protection or engaging in legally required activities.

### 5.7.    Complete Agreement.

Except as set forth in this Agreement, this Agreement contains the complete agreement and understanding between the Parties and supersedes and preempts any prior understanding, agreement or representation by or between the Parties, written or oral, relating to the subject matter contained herein. Employee is not relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

### 5.8.    Additional Rights and Causes of Action.

This Agreement is in addition to and does not in any way waive or detract from any rights or causes of action System One may have relating to Confidential Information or other protectable information or interests under statutory or common law or under any other agreement.

### 5.9.    Governing Law.

Except as stated in the Arbitration Agreement above, which is governed by the Federal Arbitration Act, notwithstanding principles of conflicts of law of any jurisdiction to the contrary, this Agreement shall be

03152020                                        7

## system|one

construed in accordance with, and the rights and obligations of the Parties hereunder shall be governed by the laws of the Commonwealth of Pennsylvania.

### 5.10.    Forum Selection.

Subject to Section 4 (the Arbitration Agreement) of this Agreement, any civil action for temporary or preliminary injunctive relief to enforce this Agreement, or for a declaration of rights under this Agreement, shall be brought in and only in the Court of Common Pleas of Allegheny County, Pennsylvania, or, if the United States District Courts would otherwise have jurisdiction, in the United States District Court for the Western District of Pennsylvania. Employee hereby waives any objection that Employee may now or hereafter have to jurisdiction or venue in those courts, and agrees to submit to the jurisdiction of those courts. To the extent permitted by applicable law, Employee agrees that System One may make effective service of process on him/her by mail at the last known address provided to System One by Employee in writing.

### 5.11.    Successors and Assigns.

System One and Employee acknowledge that the covenants and terms of this Agreement are intended to benefit not only System One, but also its successors, subsidiaries and affiliates. Accordingly, Employee agrees that System One may assign this Agreement to any person, partnership or corporation that purchases all or substantially all of the assets of or is purchased by System One, as well as to any System One subsidiary or affiliate, without notice to Employee. These persons and other entities shall succeed to the rights and obligations of this Agreement and may enforce the terms of the Agreement on their own behalf or in the name of System One. Employee may not assign Employee's rights or delegate Employee's obligations hereunder.

### 5.12.    Waivers.

The waiver by either Employee or System One of a breach by the other party of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by the breaching party.

### AGREED BY EMPLOYEE AND SYSTEM ONE

EMPLOYEE ACKNOWLEDGES THAT EMPLOYEE HAS CAREFULLY READ THIS AGREEMENT AND UNDERSTANDS ITS TERMS. BY SIGNING BELOW, EMPLOYEE AND SYSTEM ONE AGREE TO THE TERMS OF THIS AGREEMENT AND AGREE TO BE BOUND BY ITS TERMS, INCLUDING WITHOUT LIMITATION, THE ARBITRATION AGREEMENT THAT REQUIRES EMPLOYEE AND SYSTEM ONE ARBITRATE COVERED CLAIMS. EMPLOYEE ALSO AGREES TO AND AUTHORIZES THE USE OF AN ELECTRONIC MEANS OF ACCEPTANCE TO ACCEPT AND AGREE TO THIS AGREEMENT (AND THE ARBITRATION AGREEMENT IN THE AGREEMENT), AND UNDERSTANDS AND ACKNOWLEDGES THAT AN ELECTRONIC MEANS OF ACCEPTANCE IS AS VALID AND HAS THE SAME LEGAL EFFECT AS AN INK SIGNATURE.

**EMPLOYEE**                                   **SYSTEM ONE HOLDINGS, LLC**

_____                        _____
Signature of Employee                          Signature of Authorized Representative

Wendy Younk                                    _____
Print Name of Employee                         Title of Representative

9/16/21                                        _____
Date                                           Date

01152020                                       8

## VERIFICATION

I, Laura April Metivier, as President of Mountain Ltd., a Division of System One Holdings, LLC, hereby verify that I am authorized to make this Verification and verify under penalty of perjury that the facts set forth in the foregoing Complaint in Civil Action are true and correct, to the best of my personal knowledge or information and belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S.§ 4904.

*Laura April Metivier*

President of Mountain Ltd., a Division of System One Holdings, LLC

Dated:    July 8, 2025

RECEIVED

2025 JUL 21  PM 1:24

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101